983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nesbitt JONES, Willie E. Young, Defendants-Appellants.
 Nos. 91-6005, 91-6032.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1993.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM:
 
 
 1
 Defendants Nesbitt Jones and Willie E. Young were charged by indictment with one count of possession with intent to distribute approximately 4.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Young was also charged with one count of carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendants were found guilty of these offenses by a jury, and they now bring the instant appeal from their convictions.
 
 
 2
 The sole issue raised on appeal is whether these convictions are based upon sufficient evidence. In determining the sufficiency of the evidence, the court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime had been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. White, 932 F.2d 588, 589 (6th Cir.1991). In so doing, the court must not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989); Morelock v. NCR Corp., 586 F.2d 1096, 1104-1105 (6th Cir.1978), cert. denied, 441 U.S. 906 (1979). This standard of review applies regardless of whether the evidence relied upon by the government is direct or purely circumstantial, and this court must accept all reasonable inferences which tend to support the jury's verdict. United States v. Connery, 867 F.2d 929, 930 (6th Cir.1989); United States v. Cardenas, 748 F.2d 1015, 1019 (5th Cir.1984). A reviewing court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "remove every reasonable hypothesis except that of guilt." United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984).
 
 
 3
 The essential elements of an offense under 21 U.S.C. § 841(a)(1) are that defendant: 1) knowingly or intentionally; 2) possessed with intent to distribute; 3) a controlled substance. Defendants dispute that they had possession of the crack cocaine, and further contend that an intent to distribute was not shown.
 
 
 4
 Possession of a controlled substance may be actual or constructive. White, 932 F.2d at 589. Constructive possession exists when a person has the power and intention at a given time to exercise dominion and control over an object, either directly or through others. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). Constructive possession requires the defendant to know of the presence of the contraband and have the power to exercise dominion or control over it or over the premises in which it is found. White, 932 F.2d at 589. Both actual and constructive possession may be proved by direct or circumstantial evidence, and it is not necessary that such evidence remove every reasonable hypothesis except that of guilt. Craven, 478 F.2d at 1333.
 
 
 5
 Proof of intent to distribute may also be based on direct and circumstantial evidence, such as the act of possession or the amount of drugs involved. United States v. Clark, 928 F.2d 733, 737 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991).
 
 
 6
 Mindful of the above principles, we turn to the evidence presented at trial. The testimony revealed that on February 27, 1991, officers of the Memphis Police Department executed a search warrant at the residence of defendant Young located at 668 Saxon, Memphis, Tennessee. The officers knocked on the front door, which consisted of a wooden inner door and an outer iron security door. According to the government's evidence, when the officers knocked on the door and identified themselves, defendant Jones slammed the wooden door shut. The officers had to pry open the iron security door in order to gain entrance.
 
 
 7
 Upon entering the house, the officers observed defendant Jones running toward a bedroom. Jones was restrained and returned to the living room of the residence. Other officers pursued defendant Young as he fled into the kitchen. Young was forced to the floor on his back. When an officer rolled Young over, he observed that Young had his hand on a handgun which was stuck into the waistband of his pants. The officer struggled with Young and took control of the handgun, which was loaded with six live rounds. Cash in the amount of $229 was found in Young's pocket. The other persons present in the residence at the time of the search were Reginald Chambers, Kenneth Young, and Yolanda Young, defendant Young's daughter.
 
 
 8
 A search of the premises was conducted. A plastic bag containing six pieces of crack cocaine totalling .5 grams was found in the eight-track tape slot of the stereo system located in the living room. More cocaine base was found in a pipe which was hidden in an opening underneath the house near the rear door. The pipe was out of reach, but was attached to a shoe string which was positioned within reach so that the pipe could be pulled through the opening. The pipe held a plastic bag containing a total of 1.8 grams of crack cocaine comprised of twelve pieces, and a plastic film canister containing a total of 1.8 grams of crack cocaine, also in twelve pieces.
 
 
 9
 The evidence insofar as it relates to defendant Jones revealed that Jones, the boyfriend of Yolanda Young, was a frequent visitor to the house, that he slammed the door in the face of the police and attempted to flee when they entered, and that he admitted to being the owner of the handgun found in the possession of defendant Young. However, Jones was not a resident of the house and did not have a key or free access to the house. No money or crack cocaine was found on his person. We conclude that these circumstances are insufficient to establish that defendant Jones had actual or constructive possession of the crack cocaine found at the residence, or that he participated in the offense of possession with intent to distribute crack cocaine. Accordingly, the conviction of defendant Jones must be reversed.
 
 
 10
 We reach a different conclusion in the case of defendant Young. The testimony revealed that defendant Young was the lessee and resident of the premises. The jury could reasonably conclude that Young, as lessee, was in constructive possession of the crack cocaine, in that he had the power to exercise dominion and control over the contraband and over the premises in which it was found. Young acknowledged ownership of the stereo system in which some of the crack was found. Additionally, the concealment of the remaining crack in a pipe under the rear of the house supports the conclusion that it was placed there by someone like Young who was familiar with and had control over the premises as opposed to a casual visitor. The jury was also entitled to consider the fact that Young attempted to flee from the police and physically resisted the officers as evidence of guilty knowledge.
 
 
 11
 Defendant Young argues that the amount of crack in this case, 4.1 grams, should be deemed insufficient as a matter of law to support a finding of intent to distribute. However, the quantity of the controlled substance was but one circumstance which could be considered by the jury. Another factor which may be taken into account is the manner in which the substance is packaged. The 4.1 grams of crack cocaine in this case consisted of thirty separate pieces. The crack in the pipe was divided into two separate packages, each weighing 1.8 grams and each containing twelve pieces. The jury could reasonably conclude that the number of individual pieces and the care taken to separate them into precisely weighted allotments was more consistent with an intent to distribute rather than an intent to maintain them for personal use.
 
 
 12
 Another circumstance which supports the jury's finding is the fact that defendant had $229 in cash in his pocket at the time of his arrest. Although defendant testified that he was saving this cash for the payment of rent, the jury was not required to accept this explanation as to why defendant carried a large amount of cash on his person ready at hand. The iron security door on the premises and defendant Young's possession of a firearm could be viewed as means of protection for the crack cocaine stored at the residence and for distribution activities. Similarly, the jury could reasonably conclude that the small amount of crack found hidden in the stereo was kept on hand to supply customers, while the larger amount was hidden outside at the rear of the house as a precaution against robberies. Finally, defendant Young testified at trial that he did not use cocaine. The jury could have accepted this testimony and concluded that since the crack cocaine was not kept on the premises for Young's personal use, it must have been kept for distribution.
 
 
 13
 Based upon the evidence, reasonable minds could find that defendant Young possessed with intent to distribute the crack cocaine found at his residence.
 
 
 14
 Defendant Young also challenges his conviction for carrying a firearm. Under 18 U.S.C. § 924(c), the government had to prove that defendant: 1) carried or used a firearm; 2) during and in relation to a drug trafficking crime (here, possession to distribute cocaine base).
 
 
 15
 The terms "uses" and "carries" in § 924(c)(1) are to be construed broadly. United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989). Here, there was evidence that defendant actually carried and possessed the weapon on his person. The jury could reasonably find that the first element had been satisfied.
 
 
 16
 The government must also prove that defendant carried the firearm "during and in relation to" the offense of possession with intent to distribute crack cocaine. The government must establish some relationship between the firearm possessed by the defendant and the drug trafficking crime. United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990). However, the government need not show that defendant brandished or displayed the firearm. Acosta-Cazares, 878 F.2d at 951. A concealed firearm may be carried in relation to a drug offense where its presence emboldens the defendant and gives him the security and confidence to commit the drug offense. Brown, 915 F.2d at 224. The totality of the circumstances surrounding the crime are examined, and the conviction will be upheld if the defendant possessed the weapon with the intent that it be available for use during the commission of the drug offense or if the weapon facilitated the offense by lending courage to its possessor. Id. at 226.
 
 
 17
 This court has adopted the "drug fortress" theory, under which if it reasonably appears that a firearm found on the premises controlled or owned by a defendant and in his actual or constructive possession is to be used to protect the drugs or otherwise facilitate a drug transaction, then the firearm is used "during" and "in relation to" a drug trafficking crime. United States v. Head, 927 F.2d 1361, 1366 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991); United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989).
 
 
 18
 As noted previously, there was sufficient evidence from which the jury could find that defendant committed the offense of possession with intent to distribute crack cocaine. The jury could also reasonably find that defendant had actual possession of a loaded firearm during the commission of the drug offense, and that he possessed the firearm to protect the crack cocaine and the cash proceeds from the sale of crack cocaine. Although defendant testified that Jones had given him the firearm to hold while Jones went out on an errand, the jury was not required to accept this explanation. Further, testimony revealed that defendant Young kept the weapon after Jones returned, and he had his hand on the weapon as he struggled with the police officer. The jury could reasonably infer from these circumstances that defendant carried the weapon as protection for his drug supply and to provide him with confidence and security in committing the offense, and that he was not simply holding it for Jones. Defendant Young's conviction for the § 924(c) violation is supported by sufficient evidence.
 
 
 19
 In accordance with the foregoing, we vacate the judgment of conviction and sentence in the case of defendant Jones. The conviction of defendant Willie Young is affirmed.
 
 
 20
 BOYCE F. MARTIN, JR., Circuit Judge, concurring in part and dissenting in part.
 
 
 21
 I must dissent from the opinion of the court as to Willie E. Young's convictions of possession of cocaine with intent to distribute and possession of a firearm during a drug-trafficking offense.
 
 
 22
 Under Jackson v. Virginia, 443 U.S. 307, 313-14 (1979), a conviction cannot stand if no rational trier of fact could find that every element of a crime has been established beyond a reasonable doubt. In this case, the prosecution did not present sufficient evidence at trial for a rational jury to find beyond a reasonable doubt that Willie Young intended to distribute the cocaine found in his apartment.
 
 
 23
 To support its decision, the majority relies on five facts to show that Willie Young intended to distribute cocaine. First, the cocaine found in the pipe was separated into two packages, each weighing approximately 1.8 grams and each containing twelve rocks. Second, Young had $229 on his person when he was arrested. Third, one-half gram of cocaine was in an eight-track stereo in the apartment. Fourth, a wrought-iron door, which the majority refers to as a "security door," led to Young's apartment. Fifth, Young possessed a firearm.
 
 
 24
 These five facts, whether taken together or separately, do not rationally indicate that Willie Young intended to distribute the cocaine in his apartment, much less show beyond a reasonable doubt that Willie Young intended to distribute cocaine. The fact that 3.6 grams of the cocaine was in two packages of approximately the same weight and that the packages contained the same number of rocks is perfectly consistent with personal use. The presence of one-half gram of cocaine in the stereo is also completely consistent with personal use. The possession of $229, without further proof of the source of the money, does not indicate that Willie Young was selling any cocaine. Having an iron door, whether called a "security door" or something else, does not indicate that Willie Young was selling cocaine. Finally, possession of a firearm does not indicate that Willie Young was distributing cocaine. Taken as a whole, the evidence no more indicates trafficking in cocaine than mere personal consumption of cocaine in an unsavory neighborhood. More importantly, the evidence certainly does not prove distribution of cocaine beyond a reasonable doubt, as required by Jackson v. Virginia.
 
 
 25
 The court's opinion in United States v. Turner, 396 U.S. 398 (1970), fortifies my conclusion that the prosecution did not present sufficient evidence for a rational jury to find beyond a reasonable doubt that Willie Young intended to distribute cocaine. In Turner, the defendant was arrested for possessing 14 grams of cocaine, an amount of cocaine much greater than the amount in this case. The court stated that, because the possession was consistent with personal use, the jury could not infer that the defendant had intended to distribute the cocaine. Id. at 422-23. Furthermore, the prosecution presented evidence in Turner to show that the defendant was involved in drug trafficking because the defendant possessed 48 grams of heroin in 275 small bags. Similar evidence was lacking in this case.
 
 
 26
 Because sufficient evidence was not presented to prove that Willie Young intended to distribute the cocaine in his possession, Willie Young's conviction of possessing a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1), should not be sustained. One necessary element of the crime in that subsection is that the defendant be engaged in a drug trafficking offense. As stated above, no rational trier of fact could decide that there was sufficient evidence to prove beyond a reasonable doubt that Willie Young intended to distribute or had distributed cocaine or any other drug. Therefore, no rational trier of fact could decide beyond a reasonable doubt that Willie Young possessed a firearm during a drug trafficking offense.
 
 
 27
 The fundamental reason for the rule in Jackson v. Virginia is to guarantee, pursuant to In re Winship, 397 U.S. 358 (1970), that every element of a crime be proven beyond a reasonable doubt. In this case, no rational trier of fact could have found beyond a reasonable doubt that Willie Young intended to distribute cocaine or that he was involved in a drug-trafficking offense. Therefore, I dissent as to the conviction of Mr. Young on both counts.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation