**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Connie CLARK (90–3153) and Cliffton Clark (90–3312),
Defendants–Appellants.**

**Nos. 90–3153, 90–3312.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1991.

Decided March 21, 1991.

Ronald B. Bakeman, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Richard G. Lillie (argued), Corso, Lillie & Kelly, Cleveland, Ohio, for Cliffton Clark, defendant-appellant.

Lon D. Stolarsky (argued), Cleveland, Ohio, for Connie Clark, defendant-appellant.

Before MARTIN and BOGGS, Circuit Judges, and BELL, District Judge*.

PER CURIAM.

Connie Clark appeals her conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Cliffton Clark appeals his con-

---

victions for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and two counts of knowingly carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We affirm the defendants' convictions.

## I.

On March 16, 1989, Cleveland, Ohio, police, in conjunction with federal agents, executed a search warrant at 2530 Bundy Avenue, Apartment 329. Police believed Connie Clark lived in the apartment.

As officers from the Cleveland Police SWAT team forcibly opened the apartment door, an officer positioned outside of the apartment building observed, through one of the bedroom windows, Cliffton Clark, Connie's brother, holding a gun. The officer ordered Cliffton to drop the gun, and Cliffton dropped a fully-loaded 9 mm. pistol through an open window to the ground below.

When police entered the apartment, they found five persons in the apartment. Three persons, including Connie Clark, were in the kitchen/living room area, located immediately inside the door. Another person was found by the apartment bathroom, and Cliffton Clark was found in the hallway outside the two bedrooms. Police seized 4.98 grams of crack and $1,150 in cash from Cliffton's person; police seized 21.73 grams of crack from Connie's person.

In the southeast bedroom, police found a fully-loaded .25 caliber hand gun, some crack cocaine and approximately $195 in cash, all located on a mattress on the bedroom floor. Police confiscated 11.96 grams of crack cocaine from the bedroom.

Connie and Cliffton were indicted of possession with intent to distribute crack. The indictment also charged a firearm offense against both Connie and Cliffton concerning the .25 caliber pistol found in the bedroom and a second firearm offense against Cliffton concerning the 9 mm. pistol.

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

On November 22, 1989, following a three-day jury trial, a jury found both Connie and Cliffton guilty of possessing 5 to 50 grams of crack with the intent to distribute, Connie not guilty of the firearm offense charged against her, and Cliffton guilty of both firearm offenses charged against him.

## II.

Connie and Cliffton claim that the evidence is insufficient to sustain their convictions for possession of crack cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1). Cliffton also claims that the evidence is insufficient to sustain his firearm conviction concerning the .25 caliber handgun found in the apartment bedroom.

The relevant question in determining the sufficiency of the evidence to support a guilty verdict is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard applies whether the evidence relied upon by the government is directly or wholly circumstantial. *United States v. Stone*, 748 F.2d 361, 363 (6th Cir.1984). Moreover, a reviewing court may conclude a conviction is supported by sufficient evidence even though the circumstantial evidence does not "remove every reasonable hypothesis except that of guilt." *Id.* Issues of credibility are strictly for the jury's determination. *United States v. Evans*, 883 F.2d 496, 501 (6th Cir.1989).

■ The essential elements for a violation of 21 U.S.C. § 841(a)(1) are "for any person knowingly or intentionally to ... possess with intent to ... distribute ... a controlled substance." *Id.* The quantity of contraband possessed is not an element of the offense, but is pertinent only to sentencing. See *United States v. Rey*, 923 F.2d 1217 (6th Cir.1991). To sustain a possession charge the evidence must only show that a measurable amount of contraband is possessed. *United States v. Woods*, 568 F.2d 509, 512 (6th Cir.), cert. denied, 435 U.S. 972, 98 S.Ct. 1614, 56 L.Ed.2d 64 (1978).

Defendants argue that there was insufficient evidence to link them to possession of all of the cocaine seized. Defendants further argue that there was insufficient evidence to show they possessed the cocaine with the intent to distribute.

The government's theory at trial was that Connie and Cliffton aided and abetted the possession of all the cocaine seized by police.

■ Proof of actual possession with intent to distribute is not necessary to sustain a conviction under 21 U.S.C. § 841(a)(1) as long as there is proof, beyond a reasonable doubt, that a defendant aided and abetted the criminal venture. *United States v. Winston*, 687 F.2d 832, 834–35 (6th Cir.1982). In order to aid or abet another to commit a crime, a defendant must in some way associate himself with the venture such that his participation is intended to bring about the crime or make it succeed. *United States v. Zackert*, 783 F.2d 677, 678 (6th Cir.1986).

■ After reviewing the evidence, we find there is no merit to defendants' argument that the evidence was not sufficient to convict them of the possession with intent to distribute charges. At trial, Connie stipulated to the possession of 21.73 grams of crack cocaine, and Cliffton stipulated to the possession of 4.98 grams of cocaine. The evidence showed that the cocaine found on Connie was packaged in a small bag and several separate vitamin bottles. The cocaine found on Cliffton was also contained in a vitamin bottle, as was the cocaine found on the mattress in the southeast bedroom.

An agent testified that at least one of the rocks of cocaine found on Connie Clark had an average street cost of $25 to $30. Based upon the agent's estimation of price, the government argued that "several hundred if not a thousand dollars worth of crack" was possessed by Connie. At the time of the execution of the search warrant, Connie had only twelve dollars in her possession but, in the southeast bedroom,

police found $195 cash on the mattress and $400 cash on the outside window ledge. Cliffton was found with $1,150 cash in his possession. Police investigations indicated that Connie leased and lived in the apartment. In the southeast bedroom, police found photographs of Cliffton and mail addressed to him. Police also found Connie's welfare identification card in the bedroom. The closet in the bedroom contained both male and female clothing. Crack cocaine, $195 in cash and the .25 caliber pistol were located "all within the area of a common dinner plate" on a mattress in this bedroom.

Viewing the evidence, and all the inferences which could be drawn from it, in the light most favorable to the government, we find there was sufficient evidence to support a finding that defendants aided and abetted in the possession of all the cocaine seized. We further find there was sufficient evidence to support the finding of defendants' intent to distribute the cocaine given the circumstantial evidence of possession, the amount of drugs involved, and the large street value which could be inferred.[1] *United States v. Faymore,* 736 F.2d 328, 333 (6th Cir.), cert. denied, 469 U.S. 868, 105 S.Ct. 213, 83 L.Ed.2d 143 (1984); *United States v. Dotson,* 871 F.2d 1318, 1323 (6th Cir.1989), *vacated on other grounds,* 895 F.2d 263 (1990).

■ Next, Cliffton argues that there is insufficient evidence to sustain his firearm conviction under 18 U.S.C. § 924(c)(1) relating to the .25 caliber pistol found in the southeast bedroom. 18 U.S.C. § 924(c)(1) provides in pertinent part:

Whoever, during and in relation to any crime of violence or drug trafficking crime, ... uses or carries a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years ...

Cliffton argues there was insufficient evidence to support a finding that the hand-gun was used "in relation to" a drug trafficking crime.

The circumstances of this case are clearly distinguishable from *United States v. Feliz–Cordero,* 859 F.2d 250 (2nd Cir.1988), chiefly relied upon by Cliffton, in which that court found that the presence of a handgun in a dresser drawer located in a room with drug paraphernalia was insufficient to show the firearm was used in relation to a trafficking crime. As indicated earlier, federal agent Terry DeWald testified that the gun, cocaine and $195 in cash were found virtually together on the mattress in the southeast bedroom. Applying the test set forth in *Feliz–Cordero* to the present facts, we find the evidence clearly supports an inference that the handgun was "available for possible use during the [drug] transaction" or "was strategically located so as to be quickly and easily available during such a transaction." *Id.* at 254.

### III.

■ Cliffton also argues that his two firearm convictions under 18 U.S.C. § 924(c)(1) must be reversed because there was only one predicate drug trafficking offense charged in the indictment.

Cliffton relies upon our decision in *United States v. Henry,* 878 F.2d 937 (6th Cir. 1989), in which this court vacated one of a defendant's two firearm convictions because both firearm offenses related to the same predicate drug trafficking offense. *Henry* held that the number of § 924(c)(1) predicate offenses charged, not the number of guns involved, dictates the number of firearm offenses which can be sustained. *Id.* at 942. The *Henry* court noted that it could have affirmed both firearm convictions if the government had related the use of one of the firearms to a different offense. *Id.* at 945. Having reversed one of the defendant's convictions under § 924(c)(1), the court declined to address the issue of whether separate sentences could be imposed, which the Third Circuit

---

1. Our holdings here also address Cliffton's claim that there was insufficient evidence to support the district court's sentence calculation under a base offense level equal to possession with the intent to distribute the entire amount of cocaine seized.

had implicitly addressed in *United States v. Torres*, 862 F.2d 1025, 1032 (3rd Cir. 1988).

■ Here, Cliffton was charged with two felony firearm offenses under § 924(c)(1) for the pistol found in the bedroom of the apartment and the pistol which he brandished at the time of the raid. The indictment clearly related both offenses to Cliffton's alleged drug trafficking activities. Under *Henry*, Cliffton's possession conviction cannot support both of his convictions under § 924(c)(1). However, we find no error requiring reversal of Cliffton's firearm convictions. There was ample evidence to support a firearm conviction with respect to either weapon. Furthermore, Cliffton contends he was denied a fair trial by the government's charging him with multiple firearm offenses because the charges implied that "he was a major drug dealer." This Circuit's own decision in *Henry* implicitly stands for the proposition that no prejudicial error results from a defendant being charged with multiple firearms offenses which relate to one predicate § 924(c)(1) offense.

We also note that the district court below merged defendant's two convictions under § 924(c)(1) for purposes of sentencing. Thus no prejudice resulted by the imposition of multiple sentences.

### IV.

Cliffton next argues his convictions must be reversed because the government failed to disclose Agent DeWald's testimony given at a prior detention hearing and to disclose the fingerprinting results of the .25 caliber pistol, violating *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and the Jencks Act, 18 U.S.C. § 3500.

■ We find no *Brady* violation relating to the non-disclosure of Agent DeWald's prior testimony and the fingerprinting results because this evidence was disclosed at the earlier detention hearing in the presence of defendant and with the opportunity for inquiry by defense counsel. No *Brady* violation exists where a defendant "knew or should have known the essential facts permitting him to take advantage of any exculpatory information," *United States v. Grossman*, 843 F.2d 78, 85 (2nd Cir.1988), *cert. denied*, 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989), or where the evidence is available to defendant from another source, *United States v. Davis*, 787 F.2d 1501, 1505 (11th Cir.) *cert. denied sub nom. Lowe v. U.S.*, 479 U.S. 852, 107 S.Ct. 184, 93 L.Ed.2d 118 (1986). Furthermore, we also find that the government had no duty to disclose the evidence under *Brady* because it was not material to defendant's guilt. Agent DeWald's testimony at the detention hearing was not inconsistent with his trial testimony, and the fingerprint testing of the .25 caliber pistol merely established that there were no identifiable fingerprints found on the gun.

■ Cliffton also argues the government's failure to disclose Agent DeWald's testimony given at the prior detention hearing violated the Jencks Act. However, under the Jencks Act, a witness's prior statement is not subject to discovery or inspection unless it is "in the possession of the United States." 18 U.S.C. § 3500(a). We find, however, that the government did not violate the Jencks Act because Agent DeWald's testimony at the detention hearing was not transcribed at the time of trial and, thus, the government was not in possession of the information sought. See *United States v. Moeckly*, 769 F.2d 453, 463–64 (8th Cir.1985), *cert. denied* 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986), *United States v. Cagnina*, 697 F.2d 915, 922–23 (11th Cir.1983), *cert. denied* 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983) (Court transcripts are not "in possession" of the United States for Jencks Act purposes). See also *United States v. Hutcher*, 622 F.2d 1083, 1088 (2nd Cir.), *cert. denied*, 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980); *United States v. Trevino*, 556 F.2d 1265, 1271 (5th Cir.1977).

### V.

Lastly, Connie Clark argues the district court erred in refusing to submit a special

interrogatory to the jury to permit the jury to determine the exact amount of cocaine she possessed. We have previously held that no such interrogatory is required. *United States v. Rey, supra,* 923 F.2d at 1222–23.

### Conclusions

Finding that defendants' assignment of errors are without merit, we hereby affirm defendants' convictions.