996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. RHODES, Defendant-Appellant.
 No. 92-6466.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William R. Rhodes was found guilty after a jury trial of possession with intent to distribute a controlled substance (Diazepam), in violation of 21 U.S.C. § 841(a)(1), and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced Rhodes to an aggregate 63 month term of imprisonment and this appeal followed. The parties have briefed the issues and have expressly waived oral argument through counsel.
 
 
 3
 Upon consideration, we find no reversible error in the proceedings on review. The facts of Rhodes's arrest are straightforward and essentially uncontested. Rhodes was a passenger in the back seat of an automobile that was stopped in Tennessee while being operated in an erratic fashion. The arresting officers approached the car and noticed a pistol on the seat next to Rhodes. The officers subsequently searched Rhodes and discovered 133 diazepam (valium) tablets from three different manufacturers secreted in the waistband of Rhodes's trousers. It was on proof of Rhodes's possession of the drugs and control of the pistol that the conviction rests; the prosecution did not produce other testimony concerning Rhodes's acquisition or possible disposition of the diazepam.
 
 
 4
 Rhodes's first appellate argument is that there was insufficient evidence adduced to convict him of the drug possession charge under 21 U.S.C. § 841(a)(1). The essential elements of an offense under this section are that the defendant: 1) knowingly or intentionally; 2) possessed with intent to distribute; 3) a controlled substance. A conviction will not be disturbed on grounds of insufficient evidence if, after viewing the evidence in the light most favorable to the government, an appellate court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This applies whether the evidence is direct or circumstantial, Holland v. United States, 348 U.S. 121, 139-140 (1954), and it is not necessary that the circumstantial evidence remove every reasonable hypothesis except that of guilt. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 
 5
 We find that there is ample evidence in the record to sustain Rhodes's conviction in this regard. The jury had evidence before it to the effect that Rhodes was apprehended with 133 diazepam tablets (a controlled substance) secreted in the waistband of his trousers. The jury heard the explanation provided by Rhodes and was entitled to disbelieve it and credit the circumstantial evidence indicating that Rhodes possessed the drugs for resale. Possession of a controlled substance, as well as the intent to distribute, may be proven by direct or circumstantial evidence. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973); United States v. Clark, 928 F.2d 733, 736-737 (6th Cir.) (per curiam), cert. denied, 112 S.Ct. 144, and cert. denied, 112 S.Ct. 240 (1991). This assignment of error lacks merit.
 
 
 6
 The second error advanced by Rhodes is that his trial counsel was ineffective. The government notes that ineffective assistance of counsel claims are not ordinarily cognizable on direct appeal. The government is correct. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule occurs when the record is adequate to address the claim. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). In the present case Rhodes's claim is based, in large part, on the strategy involved in the failure of his trial counsel to call certain witnesses and to offer an objection to a portion of the prosecution's closing argument. The record before the court is patently inadequate to assess this contention and it is rejected on this basis. Rhodes is, however, free to pursue this claim in a motion to vacate under 28 U.S.C. § 2255. See, e.g., United States v. Gonzales, 929 F.2d 213, 215 (6th Cir.1991). We do not, of course, express our opinion on the ultimate outcome of this claim should he choose to do so.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.