27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald B. MITCHELL, Petitioner-Appellant,
v.
Rex ZENT, Warden, Respondent-Appellee.
 No. 93-4397.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges; and WOODS, Senior District Judge.*
 
 ORDER
 
 2
 Ronald B. Mitchell, a pro se Ohio prisoner, appeals a district court order denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In October of 1989, a Licking County, Ohio jury found Mitchell guilty of robbery for which he was sentenced to a term of 6-15 years in prison. The state court of appeals dismissed his appeal pursuant to Rule 18(C), Ohio Rules of Appellate Procedure. In May of 1991, Mitchell filed a petition for post-conviction relief pursuant to Ohio Rev.Code Ann. Sec. 2953.21 (Baldwin 1992). The petition was dismissed on the merits by the trial court, and this decision was affirmed by the state court of appeals. The Ohio Supreme Court overruled Mitchell's motion for leave to appeal this determination. Thereafter, Mitchell attempted to appeal his conviction to the Supreme Court of Ohio, but the appeal was dismissed sua sponte for lack of a substantial constitutional question. Thus, it appears Mitchell has exhausted his state court remedies.
 
 
 4
 In July of 1993, Mitchell filed his Sec. 2254 petition for habeas corpus relief upon the following grounds: 1) the trial court erred by suppressing exculpatory evidence in violation of the Ohio Constitution and in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; 2) counsel rendered ineffective assistance by failing to present this exculpatory evidence to the jury in his defense; and 3) counsel rendered ineffective assistance by referring to the jurors as "ex cons" by "innuendo." The district court found these claims to be without merit and dismissed the petition. On appeal, Mitchell reiterates the grounds presented in his petition, and also presents two new arguments not previously asserted in the district court.
 
 
 5
 Initially, we note that we will not consider Mitchell's new issues raised for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Upon further review, we conclude that the district court properly dismissed Mitchell's petition because Mitchell has failed to show that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Mitchell's first claim is without merit. Although Mitchell succinctly states his first claim as a challenge to the trial court's ruling "suppressing exculpatory evidence," his argument as more fully set forth in his petition and brief is actually that the prosecution withheld certain exculpatory evidence that Mitchell believes should have been disclosed under a general right of discovery. No violation occurred in this case because Mitchell knew the essential facts that would have permitted him to take advantage of any information he believed would have been exculpatory, and this evidence was available to him, prior to trial, from a source other than the prosecution. See United States v. Clark, 928 F.2d 733, 738 (6th Cir.), cert. denied, 112 S.Ct. 144 and 240 (1991).
 
 
 7
 Mitchell's remaining claims of ineffective assistance of counsel are also without merit. Mitchell has not shown that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render his trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992); Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988). Mitchell's other arguments raised in his appellate brief lack merit and do not warrant granting habeas relief.
 
 
 8
 Accordingly, the district court's order denying Mitchell's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation