70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald OLDS, Defendant-Appellant.
 No. 94-6286.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1995.
 
 BEFORE: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ronald Olds ("Olds") appeals his conviction of attempt to possess with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1), and carrying a firearm during a drug transaction in violation of 18 U.S.C. Sec. 924(c)(1). On appeal, Olds raises the following arguments: (1) the trial court erred by admitting Fed.R.Evid. 404(b) evidence; (2) the trial court's jury instructions were misleading; (3) the trial court erred in qualifying a witness to testify as an expert; (4) the trial court erred in allowing Marcus Carlisle's (a government informant) plea agreement into evidence; and (5) the government presented insufficient evidence to uphold Olds' conviction. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 In August 1993, Olds telephoned Carlisle, the informant, to discuss the sale of Olds' car to Carlisle. Additional discussions resulted in an agreement that Carlisle would pay four ounces of crack cocaine for the car. On August 31, 1993, Olds met Carlisle at a mall. Carlisle noticed a shotgun in Olds' back seat. Carlisle then walked over to an undercover vehicle to obtain the drugs from a DEA agent. As Carlisle approached Olds, officers rushed the car and arrested Olds. Officers found the shotgun and shells in several places in the car.
 
 II.
 
 3
 Olds contends that the trial court abused its discretion by failing to properly apply the Rule 404(b) balancing test when the court allowed Carlisle to testify about prior drug dealings with Olds. United States v. Gessa, 971 F.2d 1257 (6th Cir.1992). We disagree. At the pretrial conference, the government advised that it intended to introduce Rule 404(b) evidence to show Olds' intent, motive, plan, or opportunity. Specifically, Carlisle would testify that he sold cocaine to Olds for two and one-half years prior to the August 31, 1993 sale, excluding a seven-month period from January through August of 1993. The court noted that Olds testified at a suppression hearing that he had been arranging a car sale, not a drug deal, thereby placing his intent in issue.
 
 
 4
 The government called Carlisle as its first witness. Olds contends that because the issue of motive, intent, or absence of mistake was not at issue at that time, the prejudicial effect of Carlisle's testimony outweighed its probative value. The district court found that defendant's intent was an issue, and therefore the probative value of Carlisle's testimony outweighed the danger of unfair prejudice. United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.), cert. denied, 459 U.S. 976 (1982) (any element of a crime that defendant has not conceded is properly admitted during government's case in chief). Accordingly, the trial court did not abuse its discretion by admitting this testimony.
 
 III.
 
 5
 Olds contends that the trial court's instruction on Count 1, that the jury was not required to make a decision on the amount of crack, was ambiguous, because it conflicted with the instruction regarding the lesser included offense of attempt to possess more than five grams of crack. To succeed, we would have to ignore the trial court's caveat, "[the amount of crack is irrelevant] except to the extent that I'll tell you about later...." We are satisfied that the instruction, including a lesser-included offense portion requested by Olds, fairly and adequately informed the jury when it could consider the amount of crack and therefore affirm. United States v. Brown, 946 F.2d 1191 (6th Cir.1991).
 
 IV.
 
 6
 Olds challenges the trial court's ruling to allow DEA agent Wayne Smith to testify as an expert regarding the connection between guns and drugs. Smith testified that he used weapons in his twenty-five year career, owned 200 to 3000 weapons during that time, attended basic and advanced firearm school, and considered himself very knowledgeable about firearms. This provides a sufficient basis under Fed.R.Evid. 702 for the trial court's qualification of Smith, and thus the ruling was not manifestly erroneous. United States v. Pearce, 912 F.2d 159 (6th Cir.1990), cert. denied, 498 U.S. 1093 (1991).
 
 V.
 
 7
 Next, Olds contends that the trial court improperly allowed the government to introduce Carlisle's plea agreement. Here, admission of the plea agreement, before Carlisle's credibility was attacked, was not an abuse of discretion because it included Carlisle's promise to testify truthfully. United States v. Garcia, 20 F.3d 670 (6th Cir.1994), cert. denied, 115 S.Ct. 1120 (1995); United States v. Walker, 871 F.2d 1298 (6th Cir.1989).
 
 VI.
 
 8
 Olds also contends that the government presented insufficient evidence to convict him of an attempt to distribute cocaine or of a weapons violation. We view all "evidence in the light most favorable to the prosecution" and decide whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Clark, 928 F.2d 733, 736 (6th Cir.) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 502 U.S. 846 (1991). Olds first contends that the government presented insufficient evidence at trial to show a violation of Sec. 841(a)(1). For the conviction to stand, the government must prove the intent to engage in the proscribed criminal activity and the commission of an overt act which constitutes a substantial step towards commission of the activity. United States v. Reeves, 794 F.2d 1101, 1104 (6th Cir.), cert. denied, 479 U.S. 963 (1986).
 
 
 9
 Defendant complains that the government lost the opportunity to prove his intent unequivocally by intervening before Olds took the drugs from Carlisle. Olds' own words during a taped telephone conversation with Carlisle reveal Olds' intent. Olds told Carlisle, "I got to have four, man," referring to four ounces of crack. Olds also stated "It's gotta be weighed out, though, man," and "It's gotta be good, too, though ... Because I can't fuck with all that baking soda, dog, it takes me too long to get rid of it." Additional testimony from a government witness showed that an ounce of crack would contain between 110-120 rocks, and individuals who purchased crack cocaine for personal use seldom purchased more than three rocks due to the cost and the potential penalty if caught with a large amount. Olds attempts to rebut this evidence by admitting that he purchased drugs from Carlisle in the past for his own use. The jury's verdict indicates that it did not believe Olds' testimony. Based on the evidence, we find that a jury could reasonably infer that because of the large quantity of cocaine, Olds intended to distribute cocaine. United States v. Dotson, 871 F.2d 1318, 1323 (6th Cir.1989), cert. denied, 498 U.S. 831 (1990).
 
 
 10
 There also was sufficient evidence as to the second element, commission of an overt act in substantial furtherance of the offense. Olds traveled to the mall to meet Carlisle, concluded negotiation for the trade of his car for drugs, and waited for Carlisle to retrieve the drugs.
 
 
 11
 Second, Olds claims that sufficient evidence does not support his conviction under Sec. 924(c)(1). United States v. Brown, 915 F.2d 219, 226 (6th Cir.1990). Olds testified that he did not use the shotgun in furtherance of the crime, but purchased it for protection and for target practice. The jurors chose not to believe Olds' explanation. An unloaded shotgun may fairly be viewed as a tool of the drug trafficker's trade, especially given the proximity of the ammunition to the weapon. Here, there is sufficient evidence to convict Olds on this charge because a reasonable juror could infer the gun was used as a protective measure. See United States v. Clark, 928 F.2d 733, 737 (6th Cir.), cert. denied, 502 U.S. 846 (1991); United States v. Ramos, 861 F.2d 228, 230 (9th Cir.1988).
 
 VII.
 
 12
 For the foregoing reasons, we AFFIRM defendant's conviction.