78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William E. CHOUINARD, Jr., Defendant-Appellant.
 No. 95-5615.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1996.
 
 Before: MERRITT, Chief Judge, and DAUGHTREY and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant William Chouinard appeals his conviction for possession with intent to distribute methamphetamine, arguing that the evidence presented was insufficient as a matter of law to support the conviction. We find no error and affirm.
 
 
 2
 At trial, the government called Johnny Wayne Brown, who is currently serving a federal sentence for conspiring to possess methamphetamine with intent to distribute. He agreed to testify at Chouinard's trial in order to attempt to obtain a reduction in his sentence.
 
 
 3
 Brown testified before the jury that he provided the government with information about Chouinard's criminal activities during April and May 1994. During this period, Brown bought from and sold drugs to Chouinard. He further stated that on April 26, 1994, he met with Chouinard to arrange a drug deal. On April 28, 1994, Chouinard provided Brown with a .1 gram sample of methamphetamine, which Brown gave to a member of the Bradley County Sheriff's Drug Task Force. Pursuant to the directions of undercover officer Joe Kerr, assigned to the DEA Drug Task Force in Chattanooga, Brown contacted Chouinard about selling and then later purchasing methamphetamine. Brown introduced Officer Kerr to Chouinard as "Justin," who arranged to sell Chouinard a quarter-pound of narcotics.
 
 
 4
 At trial, the jury heard several taped conversations between Brown and Chouinard. During conversations on May 12, they negotiated a price. Chouinard told Brown that he would buy at least a quarter-pound and that he had "this one guy that [he needed] to get hold of him that's gonna be wanting this," referring to the methamphetamine under discussion. Joint Appendix at 160. Brown tried to arrange the actual sale several times, but Chouinard did not have the full $3000. In a taped conversation from May 19, Brown relayed a message from Officer Kerr arranging the transaction and seeking assurances that he had the money and still wanted a quarter-pound. Id. at 169-70.
 
 
 5
 On May 20, 1994, at a Ramada Inn in Cleveland, Tennessee, Brown and Chouinard met Officer Kerr and Officer Van Hinton, who was posing as a methamphetamine "cooker" named "miles." During another taped conversation, Chouinard discussed the sale and future business before he gave Kerr $3000 to cover the purchase price. Id. at 171-80.
 
 
 6
 On appeal, Chouinard argues that because Brown "was not shown to have possessed the controlled substance for the purpose of resale or distribution," the evidence was insufficient to support the conviction. Appellant's Br. at 12. He maintains that the record reveals that he was present merely to assist in obtaining a loan for Brown.
 
 
 7
 This court has ruled that "defendants have a difficult burden to meet" regarding claims of insufficiency of the evidence. United States v. Walton, 908 F.2d 1289, 1294 (6th Cir.), cert. denied, 498 U.S. 990 (1990); United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). Under well-established law, "[e]vidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Moreover, the evidence need not preclude other reasonable hypotheses. Id.
 
 
 8
 In order to obtain a conviction for possession with intent to distribute, the government must prove three elements: (1) knowledge (2) of possession of a controlled substance (3) with the intent to distribute. United States v. Clark, 928 F.2d 733, 736 (6th Cir.), cert. denied, 502 U.S. 846 (1991); United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986).
 
 
 9
 After examining the evidence presented at trial, we conclude that substantial evidence supports the jury's verdict on the charge of possession with intention to distribute. There was significant evidence in the form of taped conversations leading to the illegal purchase on May 20. The transaction itself was also taped and witnessed by two law enforcement officers. The jury heard not only the testimony of Brown but also from others, including Officers Kerr and Hinton. Joint Appendix at 127-155. Based on the taped conversations and the testimony, a reasonable fact-finder could conclude that Chouinard intended to purchase the methamphetamine with the intention to distribute. Nothing in Chouinard's appeal indicates the government failed to prove any of the elements of the offense. Instead, he merely proposes an alternate theory as to why he was at the hotel room on May 20.
 
 
 10
 On appeal, Chouinard further challenges the evidence by attacking Brown's motives for testifying at trial. This approach ignores the other evidence and testimony offered at trial. Moreover, it goes to an issue of credibility, which is a decision for the jury. See Clark, 928 F.2d at 736. See also United States v. Adamo, 742 F.2d 927, 935 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985) ("attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence"). Part of the fact-finder's role is to choose between alternate theories presented at trial, and the jury in this case exercised its perogative in rejecting the defendant's theory of innocence.
 
 
 11
 For the reasons stated above, the district court's judgment is AFFIRMED.