**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0015n.06

**No. 12-5797**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| GARY EUGENE CHAPMAN, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**Before: MOORE and COOK, Circuit Judges; GWIN, District Judge.**[*]

**JAMES S. GWIN, District Judge.** Gary Chapman appeals a 2580-month sentence imposed by the district court for two gang-related shootings. Chapman argues that the district court should have considered imposing concurrent sentences for his separate convictions under 18 U.S.C. § 924(c) and that imposing consecutive sentences for related 18 U.S.C. § 924(c) convictions violates the Double Jeopardy Clause. For the reasons below, we **AFFIRM**.

**I. BACKGROUND**

On November 10, 2007, a fight broke out at a party attended by members of the Almighty Vice Lord Nation.[1] After the fight, one Vice Lord complained that another Vice Lord, Antwon

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Two branches of the Almighty Vice Lord Nation were present at the party: the Traveling Vice Lords, of which Chapman was a member, and the Conservative Vice Lords. Members of the two branches of the Vice Lords acted together in the following events.

Butler, had not defended Vice Lord gang members during the fight. The Vice Lords beat Butler and expelled him from the gang. Butler told his relatives about the beating, and some of his relatives started a fight with the Vice Lords who beat Butler. During the fight, one of Butler's relatives shot and killed a Vice Lord.

The Vice Lords decided to retaliate for this killing. The Vice Lords determined that Butler was staying with his great aunt and three other relatives. On November 13, 2007, several Vice Lords, including Chapman, went to the house and knocked on the door. When one of Butler's relatives began to open the door, Chapman and another Vice Lord shot him in the arm and chest. The relative survived. Chapman and the others fired shots into the house, and one other person was also injured.

On January 1, 2008, Chapman participated in another attack.[2] Chapman and three other Vice Lords shot into a house where one of Butler's relatives and two others were staying. Two people were injured.

A grand jury indicted Chapman for the beating of Antwon Butler and the two shootings attacks on Butler and his relatives. After a trial, the jury found Chapman not guilty of the charges relating to beating Antwon Butler but guilty on each charge relating to the two shootings. Most relevant to this appeal, the jury found Chapman guilty of eight counts each of attempt to commit murder in aid of racketeering, assault with a dangerous weapon in aid of racketeering, and the use, carrying, and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)—one count of each charge for every person in the houses Chapman fired into.

---

[2]Other Vice Lords committed additional attacks on Butler's relatives.

No. 12-5797, *United States v. Gary Chapman*

At sentencing, the district court imposed a sentence of 360 months in total for all of the charges except the eight counts of the use, carrying, and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). For those eight counts of using, carrying, and discharging a firearm during a crime of violence, the district court sentenced Chapman to a consecutive sentence of 120 months for the first count and consecutive sentences of 300 months on each of the remaining seven counts. In total, Chapman received a sentence of 2,220 months on the eight counts of using, carrying, and discharging a firearm during a crime of violence to run consecutive to his 360 month sentence on the remaining counts. The district court noted that it believed 18 U.S.C. § 924(c) required mandatory and consecutive sentences for each conviction under § 924(c).

Chapman timely filed a notice of appeal.

## II. ANALYSIS

Appellant Chapman says that 18 U.S.C. § 924(c) allows the district court to impose concurrent sentences for related § 924(c) convictions. In the alternative, Chapman says that the Double Jeopardy Clause bars punishing him more than once for each shooting.

This Court reviews *de novo* imposition of sentences under 18 U.S.C. § 924(c).[3] The Court also reviews challenges to a sentence under the Double Jeopardy Clause *de novo*.[4]

---

[3]*United States v. Langan*, 263 F.3d 613, 626-27 (6th Cir. 2001).

[4]*United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

**A.      18 U.S.C. § 924(c)**

We begin interpreting a statute by looking at the text of the statute.[5]  Title 18 United States Code section 924(c)(1)(A) makes it a crime to use or carry a firearm during any crime of violence or drug trafficking crime.  The statute further provides that § 924(c) punishment is "in addition to the punishment provided for such crime of violence or drug trafficking crime."[6]

If the defendant discharges the firearm, the district court must sentence the defendant to at least 120 months of imprisonment.[7]  For a second or subsequent conviction under § 924(c), the district court must sentence the defendant to at least 300 months of imprisonment.[8]  Chapman does not dispute that his first conviction under § 924(c) required a 120-month sentence and his subsequent convictions required 300-month sentences.

Chapman does complain that the district court was not required to impose consecutive sentences for each of the § 924(c) convictions.  He says that the statute allows for concurrent sentences.  The statute contradicts this argument.

Subsection 924(c)(1)(D) states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person,

---

[5]*Williams v. Taylor*, 529 U.S. 420, 431 (2000).

[6]18 U.S.C. § 924(c)(1)(A).

[7]*Id.* § 924(c)(1)(A)(iii).

[8]*Id.* § 924(c)(1)(C)(i).

including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."[9]

This language is clear and unambiguous. "No term of imprisonment" imposed under § 924(c) may run concurrent to "any other term of imprisonment." Chapman argues that the statute is somehow ambiguous. The statute does not distinguish between sentences under § 924(c) and other sentences. It says that no § 924(c) sentence can run concurrent to "any other" sentence. Therefore, § 924(c) sentences must run consecutive to other § 924(c) sentences.

In *United States v. Gonzales*, 520 U.S. 1 (1997), the Supreme Court interpreted the phrase "any other term of imprisonment" in § 924(c) to include state sentences. The Court phrased the question as "whether the phrase 'any other term of imprisonment' 'means what it says, or whether it should be limited to some subset' of prison sentences."[10] The Court concluded, "When a defendant violates § 924(c), his sentencing enhancement under that statute must run consecutively to all other prison terms."[11] The Supreme Court has also said, "Any sentence for violating § 924(c) . . . must run consecutively to 'any other term of imprisonment,' including *any other conviction under § 924(c)*."[12]

This Court has also held that § 924(c) requires consecutive sentences for separate § 924(c) convictions even when the underlying crimes "occur in rapid succession or in the course of one

_____

[9]18 U.S.C. § 924(c)(1)(D)(ii).

[10]*Gonzalez*, 520 U.S. at 5 (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)).

[11]*Gonzales*, 520 U.S. at 9-10.

[12]*Greenlaw v. United States*, 554 U.S. 237, 241 (2008) (emphasis added).

crime spree."[13] The fact that "the imposition of separate consecutive sentences for multiple § 924(c) violations occurring during the same criminal episode [is] lawful" is "firmly established."[14]

Chapman relies on two cases that are not applicable. In *United States v. Sims*, 975 F.2d 1225 (6th Cir. 1992), the defendants had been convicted of separate § 924(c) charges related to only one substantive drug trafficking offense.[15] Therefore, the Court ordered all of the associated § 924(c) charges be merged so that the defendants could be convicted of only one § 924(c) charge per underlying offense.[16]

In this case, Chapman was charged with a different § 924(c) count for each assault and attempted murder victim. Chapman could then be convicted for each § 924(c) count because there were separate predicate convictions for each § 924(c) charge. *United States v. Clark*, 928 F.2d 733 (6th Cir. 1991) (per curiam), is distinguishable for the same reason.

Therefore, 18 U.S.C. § 924(c) required the district court to impose consecutive sentences for each conviction under the statute.

**B.     Double Jeopardy Clause**

---

[13] *United States v. Simpson*, 116 F. App'x 736, 740 (6th Cir. 2004), *vacated on other grounds sub nom. Bowers v. United States*, 544 U.S. 995 (2005).

[14] *United States v. Burnette*, 170 F.3d 567, 572 (6th Cir. 1999) (listing cases).

[15] *Sims*, 975 F.2d at 1235-36.

[16] *Id.*

Chapman says that sentencing him to multiple consecutive sentences violates the Double Jeopardy Clause because Chapman participated in only two transactions and, therefore, could only be punished once for each transaction. This is not true.

"A defendant may be convicted of multiple crimes arising from the same course of conduct so long as each charge 'requires proof of a fact which the other does not.'"[17]

Each § 924(c) conviction was based on different underlying convictions—the attempt to murder and the assault of each person in the two houses that Chapman fired into. Each § 924(c) conviction required proof of a fact the other § 924(c) convictions did not: a crime of violence against a different victim. The jury found that Chapman had the requisite intent to be guilty of the attempt to murder and the assault of each victim. Therefore, each § 924(c) conviction constitutes a single transaction, and consecutive sentences do not violate the Double Jeopardy Clause.

### III. CONCLUSION

For the reasons above, we **AFFIRM**.

---

[17]*United States v. Kurlemann*, 736 F.3d 439, 452 (6th Cir. 2013) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).