**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward BURCH, Defendant-Appellant.**

**No. 14916.**

United States Court of Appeals Sixth Circuit.

Feb. 23, 1963.

Herbert A. Adrine, Cleveland, Ohio, for appellant.

Gerald J. Celebrezze, Asst. U. S. Atty., Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant, in a trial to the Court without a jury, was found guilty under a two-count indictment charging (1) unlawful

possession of an unregistered still, and (2) unlawful possession of nontaxpaid distilled spirits, in violation of Sections 5601(a) (1), 5205(a) (2) and 5604(a) (1), Title 26, United States Code. He received a sentence of eighteen months under each count, to be served concurrently.

The Government introduced evidence showing the following.

An unregistered still and a quantity of nontaxpaid distilled spirits were found by officers in the attic portion of a two and one-half frame building, the ground floor of which was occupied by parties other than the appellant, with the second floor being occupied by appellant. The only means of access to the attic was through a door located on the second floor, which appellant closed and which automatically locked as the officers reached the second floor. It was forced open later. No one was in the attic at the time. Gas burners under the still were warm, some of the mash was quite warm and there was a twenty-gallon tub sitting near the still which contained almost scalding hot water. The gas line which was used to supply gas for heating the still was connected to the stove in the appellant's kitchen on the second floor. Appellant's shoes were damp and smelled of mash.

Appellant contends that the evidence was insufficient to establish possession by him of the still and the distilled spirits, in that mere presence at a still is not enough in itself to constitute possession. The District Judge expressed the view that the law recognizes two kinds of possession: actual possession and constructive possession; that a person who, although not in actual possession, knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. Applying this definition of possession, he found the appellant guilty.

We agree with the ruling. McFarland v. United States, 273 F.2d 417, 419, C.A.5th. Circumstantial evidence, if strong enough to convince the trier of the facts of a defendant's guilt beyond a reasonable doubt, is sufficient to sustain a finding of guilt. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Comer, 288 F.2d 174, 175, C.A.6th, cert. denied, 366 U.S. 925, 81 S.Ct. 1351, 6 L.Ed.2d 384.

In our opinion, the evidence was sufficient to support the finding of guilt.

The judgment is affirmed.