**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James H. THOMAS, Jr., Defendant-Appellant.**

**No. 73–1665.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1974.

Decided June 5, 1974.

Miles J. Purcell, Saginaw, Mich. (Court-appointed), on brief, for defendant-appellant.

Ralph B. Guy, U. S. Atty., James W. Russell, Asst. U. S. Atty., Bay City, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant was convicted on two counts involving illegal possession of a sawed-off shotgun, in violation of Sections 5861(c) and (i), Title 26, United States Code. His chief argument here is that there was insufficient evidence to justify a jury in finding that he possessed the weapon.

The facts as found by the jury were as follows. Appellant's sister had lived in her apartment for about a month when she moved out on April 30, 1971. While she lived there, appellant had access to her apartment, and had in fact visited a few times. On the day mentioned, Thomas came to her house with "a couple boys," to help her move. Later that day, after she had moved out,

the manager of the apartment complex found, in the course of inspecting the apartment, a sawed-off shotgun in a cupboard. The apartment had been locked when the manager entered.

A few days later, appellant returned to the complex and declared that he had left something in his sister's house. When admitted to the apartment, he looked into the cupboard where the gun had been found (and from which it had already been removed and given to the sheriff). He said that he was looking for his gun.

Appellant's sister was the first occupant of that apartment, and it had been inspected before she moved in. She testified that she had never seen the gun in question.

Citing the facts that he was never seen with the weapon, and that others were also in the apartment on April 30, 1971, Thomas argues that the verdict should be overturned as contrary to the great weight of the evidence. He is contending, in essence, that a rational jury could not find beyond a reasonable doubt, on the facts outlined, that the shotgun was his, that he brought it to the house and placed it (or caused another to bring it to the house and/or place it) in the cupboard. We cannot so hold.

■■ On a criminal appeal, the evidence is to be viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, and furthermore, every inference from the evidence presented that can reasonably be drawn in favor of the government must be so drawn. United States v. Wolfenbarger, 426 F.2d 992, 994 (C.A.6), United States v. Ayotte, 385 F.2d 988 (C.A.6), vacated on other grounds, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297. Certainly it is not unreasonable to infer Thomas' possession of the gun from the facts that he had been in the house on the day it was found, that he returned later to claim it (calling it "my gun"), and that

it was not put there by the house's occupant, his sister.

Appellant's story at trial was that he had first seen the gun when it was in the cupboard on April 30, and later decided to get it in order to sell it. Such an inference may be a plausible one to draw from the testimony, but it is not for an appellate court to weigh it against the one drawn by the jury, or to decide whether or not the government's explanation is the only reasonable one beyond a reasonable doubt. All we need find to affirm the result below, and all we do find, is that a jury could reasonably come to that conclusion.

■ Possession can be constructive as well as actual. United States v. Burch, 313 F.2d 628 (C.A.6); United States v. Holt, 427 F.2d 1114 (C.A.8). "[A] person who, although not in actual possession, knowingly has the power and the intention at a given time to exercise dominion and control over a thing * * * is then in constructive possession of it." United States v. Burch, supra, at 629. Certainly "on or about April 30, 1971" (the words of the indictment), appellant knew the weapon's location, and until it was removed or at least until the apartment door was locked, had the power to exercise dominion over it. The jury also found that he had the requisite intention as of that time, and we hold that there was enough evidence to justify that finding. But these subtleties need not detain us, because the jury also necessarily found that the gun was appellant's, or at least that he was responsible for its being placed in the cupboard—in other words, that at some time on or before April 30, Thomas was in *actual* possession.

As for appellant's other argument, that the gun should not have been admitted into evidence since, its original finders not having initialed it before turning it over to the sheriff, it was incompletely identified, we find it to be manifestly without merit.

Affirmed.