966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elery McQUEEN, Defendant-Appellant.
 No. 91-3551.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Elery McQueen, was convicted of: (1) possession of 500 grams or more of cocaine base with the intent to distribute it under 21 U.S.C. § 841(a)(1); and (2) use of a firearm "during and in relation" to a drug trafficking crime under 18 U.S.C. § 924(c). The issues are whether: (1) the district court erroneously denied defendant's acquittal motion; (2) the United States Sentencing Guidelines ("U.S.S.G.") and statutory definition of cocaine base is unconstitutionally vague; and (3) the district court erroneously instructed the jury on aiding and abetting. For the following reasons, we AFFIRM the district court's judgment.
 
 I. FACTS
 
 2
 A cooperating individual purchased one-half ounce of crack cocaine from someone at a four bedroom residence on 4288 East 114th Street in Cleveland, Ohio, for $600.00 provided by the government. The crack cocaine apparently was purchased from Carl LaVette, not defendant. Later that day, while no one was there, law enforcement agents executed a search warrant on the residence and seized contraband from two of the bedrooms.
 
 
 3
 From the southeast bedroom, a small room with no closet, the agents seized about 28.3 grams of crack cocaine; a .38 caliber revolver, which was underneath a set of bunk beds; a digital weight scale; plastic bags; and $4,040.00. In addition, the agents found a pair of denim jeans; an envelope with entries, specifying monetary and drug amounts; numerous documents, including mail, receipts, and identification cards bearing defendant's name; and a photograph of defendant and a second male, holding a handgun believed to be the .38 caliber revolver.
 
 
 4
 In the northeast bedroom, a cluttered room with male clothing piled on top of the bed, signs on the door read "private" and "keep this door closed" and a paper sign on the room's wall read "CARL" in large writing. From it, the agents seized about: (1) $18,000.00 from the top of a locked safe inside the closet, $530.00 of which matched the government's funds used to purchase the crack cocaine that day; and (2) $30,000.00, 32 small bags of crack cocaine (about 864.5 grams), and a bag containing other small plastic bags from inside the safe. In addition, the agents found numerous receipts, some containing Carl LaVette's name and others containing defendant's name.
 
 II. ANALYSIS
 
 5
 1. The district court properly denied the motion for judgment of acquittal.
 
 
 6
 Defendant concedes the necessary nexus to connect him with the drugs seized from the southeast bedroom[1] but argues that the government failed to prove that he possessed the drugs seized from the northeast bedroom with the intent to distribute them. However, there was substantial evidence presented at trial connecting defendant with the drugs seized from both bedrooms. The evidence indicated that defendant used both bedrooms, the southeast bedroom for sleeping and the northeast bedroom for storage. The ounce of crack cocaine; envelope with entries, specifying monetary and drug amounts; drug paraphernalia; digital scale; and plastic bags in the southeast bedroom provided the jury with circumstantial evidence of defendant's relationship to the crack cocaine, already weighed and packaged, in the northeast bedroom. The handgun provided the jury with additional evidence of defendant's involvement, as "firearms ... are tools of the drug trafficking trade...." United States v. Gahagan, 865 F.2d 1490, 1499 (6th Cir.), cert. denied, 492 U.S. 918 (1989).
 
 
 7
 If circumstantial evidence convinces the jury of a defendant's guilt beyond a reasonable doubt, then it is sufficient to sustain a finding of guilt. United States v. Burch, 313 F.2d 628, 629 (6th Cir.1963). Viewing the evidence in the government's favor and "given the circumstantial evidence of possession, the amount of drugs involved, and the street value which could be inferred," the jury could have found beyond a reasonable doubt that defendant possessed over 500 grams of cocaine base with the intent to distribute it. See United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)): see United States v. Clark, 928 F.2d 733, 736-37 (6th Cir.) (21 U.S.C. § 841(a)(1) conviction may be sustained, if defendant aided and abetted the criminal venture), cert. denied, 112 S.Ct. 240 (1991).
 
 
 8
 Defendant argues that the government failed to prove that he carried or used a firearm "during and in relation to" the drug trafficking offense. 18 U.S.C. § 924(c)(1). In the past two years, we have addressed this issue several times. See United States v. Moore, No. 91-5720, 1992 WL 44865, at * 3-4 (6th Cir. Mar. 4, 1992) (unpublished); United States v. Mukes, No. 90-6300, 1992 WL 3713, at * 1-3 (6th Cir. Jan. 10, 1992) (unpublished) (upheld broad interpretation of 18 U.S.C. § 924(c)); United States v. Murphy, No. 90-6400, 1991 WL 270822, at * 4-6 (6th Cir. Dec. 19, 1991) (unpublished); United States v. Chambers, 944 F.2d 1253, 1267-68 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992); Clark, 928 F.2d at 736-37 (crack cocaine, $195, and a pistol on defendant's bedroom mattress is sufficient evidence); United States v. Brown, 915 F.2d 219, 225-26 (6th Cir.1990); United States v. Acosta-Cazares, 878 F.2d 945, 951-53 (6th Cir.), cert. denied, 493 U.S. 899 (1989); United States v. Henry, 878 F.2d 937, 944-45 (6th Cir.1989).
 
 
 9
 In Henry, defendant was arrested outside his home while brandishing a pistol. Inside his home, police found another pistol and a rifle. Under the "fortress" theory, we concluded that defendant used all three weapons "during and in relation to" drug trafficking. Id. at 944.
 
 
 10
 However, "uses" does not mean "brandishment or display." Acosta-Cazares, 878 F.2d at 951. Rather, it "should be construed broadly to cover ... situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." Id. at 952. In Acosta-Cazares, "defendant kept weapons ... readily accessible, to facilitate his drug transactions." Id. "Police officers found numerous loaded weapons in ... the apartment[s] in which defendant lived ... and sold cocaine." Id. Thus, "the jury could reasonably infer that defendant used weapons during the conspiracy and ... drug offense." Id.
 
 
 11
 "[T]he addition of the phrase 'in relation to' did not add a substantive element to ... section 924(c)(1)," and it is "not a specific intent offense...." Brown, 915 F.2d at 225.
 
 
 12
 [W]e do not focus solely on the defendant's intentions as he engaged in ... the predicate offense. Rather, we examine the totality of the circumstances ...: the emboldened sallying forth, the execution of the transaction, the escape, and the likely response to contingencies that might have arisen during the commission of the crime. A conviction ... will withstand appellate review "if the possessor ... intended to have it available for possible use during or immediately following the transaction, or if it facilitated the transaction by lending courage to the possessor."
 
 
 13
 Id. at 226 (quoting United States v. Payero, 888 F.2d 928, 929 (1st Cir.1989)). The government is not required to blend the gun, crime, and defendant's specific intentions into the predicate offense. Moore, 1992 WL at * 3 (citing Brown, 915 F.2d at 225).
 
 
 14
 "[I]t is sufficient that the weapon is in the same area of the place where drug transactions occur and thus accessible in an emergency." Murphy, 1991 WL at * 5. Thus, where a defendant possessed "an unloaded pistol, crack cocaine, and cash, a reasonable jury could find that this evidence proved the defendant's intent "to have the gun available for use during a drug transaction." Moore, 1992 WL at * 3. However, where there was no evidence that the weapon was "removed from its locked case in the attic closet," defendant could not be convicted of using it "during and in relation" to drug trafficking. Murphy, 1991 WL at * 5.
 
 
 15
 Although defendant was not present when the agents seized the handgun, applying the "totality of the circumstances surrounding the commission of the crime" test, we will affirm defendant's conviction, if he had the handgun available to safeguard drugs and/or facilitate drug transactions. Brown, 915 F.2d at 226. The agents found the handgun underneath a set of bunk beds and near drugs and drug paraphernalia in defendant's bedroom. Unlike Murphy, the handgun was not in a locked case in the attic. Thus, it was reasonable for the jury to infer that it would have been "accessible" to defendant "in an emergency." Murphy, 1991 WL at * 5. Viewing this evidence in the government's favor and given the fact that we have recognized firearms as "tools of the drug trafficking trade," the jury could have found beyond a reasonable doubt that defendant used the handgun "during and in relation to" a drug trafficking crime. 18 U.S.C. § 924(c); Gahagan, 865 F.2d at 1499; see Clark, 928 F.2d at 736-37; Ellzey, 874 F.2d at 328 (quoting Jackson, 443 U.S. at 319).
 
 
 16
 2. The U.S.S.G. and statutory definition of cocaine base is not unconstitutionally vague.
 
 
 17
 The term cocaine base is not void for vagueness. 21 U.S.C. § 841; U.S.S.G. § 2D1.1; see United States v. Avant, 907 F.2d 623, 625-27 (6th Cir.1990); United States v. Levy, 904 F.2d 1026, 1032-34 (6th Cir.1990) (the Constitution does not require statutes "to be drafted with absolute scientific precision"), cert. denied, 111 S.Ct. 974 (1991). Moreover, defendant has not shown that the term cocaine base "is vague as applied to his conviction and sentence." United States v. Turner, 928 F.2d 956, 960 (10th Cir.), cert. denied, 112 S.Ct. 230 (1991). Before the district court, defendant did not contend or present any evidence that the seized substance was inaccurately classified as cocaine base. Id. at n. 1.
 
 
 18
 3. Defendant cannot argue that the seized substance was not cocaine base for the first time on appeal.
 
 
 19
 Unless exceptional circumstances are present, we will not address an issue not raised in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). As defendant did not raise the issue of whether the seized substance was cocaine base below and no exceptional circumstances are present, we will not consider this issue.
 
 
 20
 4. The district court properly instructed the jury on aiding and abetting.
 
 
 21
 Defendant argues that he did not have adequate notice of the prosecution's intention to proceed on an aiding and abetting theory to "avoid unfair surprise." See United States v. Smith, 727 F.2d 214, 217-19 (2d Cir.1984). However, "[a]ll indictments must be read ... as if the alternatives provided by 18 U.S.C. § 2[2] were embodied in each count thereof." United States v. Lester, 363 F.2d 68, 72 (6th Cir.1966), cert. denied, 385 U.S. 1002 (1967).
 
 
 22
 Moreover, defendant's "litigation posture" prompted the prosecution to request the instruction. Smith, 727 F.2d at 218. Defense counsel's cross-examination of the government's witnesses[3] indicated that his basic defense was that Carl LaVette was responsible.
 
 
 23
 In any event, defendant received adequate notice. First, at a pre-trial conference held five days before the trial, defendant objected to and the district court denied the prosecution's motion for a continuance to seek "a superseding indictment to include another individual." Second, through cross-examination, defense counsel learned that another individual was involved in the scheme.
 
 
 24
 For these reasons, we AFFIRM the judgment of the district court.
 
 WELLFORD, Senior Circuit Judge, concurring:
 
 25
 I concur in the opinion in this case and in affirming the conviction of Elery McQueen. I express my concern, however, with respect to the "use of a firearm" conviction under 18 U.S.C. § 924(c)(1). This issue is a difficult one for me in this case. We have held that the word "uses" in this section is to be construed "broadly." United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989). I find sufficient circumstantial evidence and reasonable inferences under the facts developed to indicate to a reasonable finder of fact "some relationship between the firearm ... possessed [by McQueen] and the predicate drug trafficking offense." United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990). Although the gun was not shown to have been loaded, nor actually utilized by McQueen, it was found in defendant's room in close proximity to a large cache of money and a scale used in drug dealing. Cases interpreting other facts in relation to § 924(c)(1), which arguably may present comparable circumstances to those in this case, may have reached different results. Each case presents the necessity to examine the particular facts carefully.
 
 
 
 [1]
 Defense counsel conceded in closing argument that defendant resided in the southeast bedroom by stating "if you find that Elery McQueen owned anything more than the cocaine in his room...."
 
 
 [2]
 "Whoever commits an offense against the United States or aids, abets, ... or procures its commission, is punishable as a principal." 18 U.S.C. § 2
 
 
 [3]
 At the conclusion of the Government's case, defendant rested without presenting any witnesses