**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Elery MCQUEEN, Defendant– Appellant.**

**No. 02–3966.**

United States Court of Appeals, Sixth Circuit.

March 5, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

### ORDER

Elery McQueen, proceeding pro se, appeals from a district court judgment denying his "motion for consideration with cause" construed to be filed pursuant to Fed.R.Crim.P. 32. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In November 1990, a jury convicted McQueen of possessing 500 grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841, and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The court sentenced McQueen to a total of 270 months of imprisonment, plus five years of supervised release. A panel of this court affirmed McQueen's convictions and sentence on appeal. *United States v. McQueen*, No. 91–3551, 1992 WL 112279 (6th Cir. May 20, 1992).

In May 1998, the district court granted McQueen's second 28 U.S.C. § 2255 motion to vacate his sentence in part, and it vacated his conviction and sentence for his § 924(c) conviction. The court resentenced McQueen to 210 months of imprisonment.

Thereafter, in July 2002, McQueen filed a "motion for consideration with cause," requesting the court to order the removal of a prior juvenile conviction from his presentence investigation report (PSI) because the conviction was being used to place him in a higher security classification. Upon review, the district court denied the motion in a marginal entry. McQueen has filed a timely appeal, essentially reasserting his argument that he was entitled to have the prior juvenile conviction removed from his PSI. He also complains that the court decided the motion without holding a hearing and without providing any written reasons for its decision.

Upon review, we conclude that the district court properly denied McQueen's motion. McQueen's motion is a clear attempt to correct his PSI. However, Fed. R.Crim.P. 32 does not create an independent action by which the district court has jurisdiction to review collateral challenges to a sentence. *United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir.1988); *United States v. Fischer*, 821 F.2d 557, 558 (11th Cir.1987). Finally, contrary to McQueen's appellate argument, the court did not err by declining to hold an evidentiary hearing or by denying the motion in a marginal entry, because the court lacked jurisdiction to consider this motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

\* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.