**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tony Edward JOHNSON, Defendant–
Appellant.**

No. 02–6268.

United States Court of Appeals,
Sixth Circuit.

March 29, 2004.

Richard Leigh Grinalds, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

Roy C. Lewellen, Lewellen & Associates, Marianna, AR, for Defendant–Appellant.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN,* District Judge.

BATCHELDER, Circuit Judge.

Defendant-appellant Tony Edward Johnson was convicted by jury on November 24, 1999, on all counts of a four-count indictment alleging various drug trafficking and weapons offenses. On December 28, 1999, the district court granted Johnson's motion for judgment of acquittal on two of the counts, which alleged firearms offenses in violation of 18 U.S.C. § 922(o) and 18 U.S.C. § 924(a)(2) and (c). The government thereafter appealed the district court's judgment of acquittal on the count arising under Section 924(c), which charged Johnson with using, possessing, and carrying a firearm in furtherance of a drug trafficking crime. On April 29, 2002, we reinstated Johnson's conviction under that count. *See United States v. Johnson*, 39 Fed.Appx. 114, 2002 WL 818229 (6th Cir.2002). Johnson now asks this court to reconsider its prior holding and reinstate the district court's judgment of acquittal.

Johnson urges us to reconsider our earlier ruling in order "to prevent a manifest injustice." to wit, sentencing him to an additional 30 years over his sentences for the substantive drug count, possession with intent to distribute marijuana, and the additional count of possession of a firearm that had been converted to a machine gun. Under the "law of the case"

doctrine, a court should not reopen issues decided at an earlier point in the same litigation. *Agostini v. Felton*, 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). "Issues decided at an earlier stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir.1997) (citation omitted). There are, however, three extraordinary circumstances under which courts will reconsider a prior ruling in the same case: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.* None of these conditions is present in this case. There has been no new evidence presented; there is no subsequent contrary view of law decided by binding authority; and our prior decision is not clearly erroneous.

Johnson's contention that the evidence is insufficient to sustain a conviction under 924(c) was specifically rejected in our prior opinion. As we stated then:

"All three of the firearms were loaded; one of these weapons had been successfully converted into a fully automatic pistol; [ ] Johnson was engaging in the possession and distribution of marijuana, as evidenced by his notebook logs and other drug paraphernalia; and finally, the firearms were located within arms' reach of the marijuana. We conclude that there was sufficient evidence to sustain Johnson's conviction under § 924(c)(1)(A)."

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Johnson*, 39 Fed.Appx. at 121. Sufficient evidence was presented to sustain Johnson's conviction under Section 924(c). Because Johnson has failed to prove that this case falls into one of the narrow exceptions to the "law of the case" doctrine, we will not revisit his claim.

Accordingly, we AFFIRM our prior judgment and the district court's re-sentencing in accordance with that judgment.